UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA HART,

                Plaintiff,

vs.                                                    Case No.  3:10-cv-1016-J-32MCR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion for Physical Examination, Motion to Pay Costs of Missed Physical Examination, and Motion for Extension of Time (Doc. 35) filed May 31, 2011.

**I.**    **BACKGROUND**

On May 9, 2011, Defendant filed an Unopposed Motion for a Physical Examination, with an agreed examination date of May 25, 2011.  (Doc. 33).  The Court granted Defendant's Motion finding Plaintiff put her physical condition in controversy and a physical examination is necessary for Defendant to properly defend this action. (Doc. 34).  Additionally, the Court specifically stated the date, time, and location of the examination.  (Id.).

Plaintiff failed to appear at the physical examination ordered by the Court, and a $500 no show fee was invoiced to Defendant.  As such, Defendant requests the Court compel Plaintiff to appear for a new physical examination date and requests

reimbursement of the fee imposed for Plaintiff's failure to appear. Additionally, Defendant requests an extension of the discovery deadline and expert witness disclosures.[1] (Doc. 35). Defendant's requests are unopposed. (Id. at p. 3).

## II. ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure states in part that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the moving party the reasonable expenses incurred in making the motion ...." Fed. R. Civ. P. 37(5)(A). Courts have found sanctions of an award of costs associated with medical exams to be appropriate as a remedy for a party's failure to appear for a physical examination. See Grubb v. Rowan Companies, Inc., 2001 WL 406269 (E.D. La. April 17, 2001); Guzman v. American Airlines, 1999 WL33453410 (D.N.J. May 28, 1999).

Here, Plaintiff has placed her physical condition at issue. This Court issued its order on May 10, 2011 and, despite the fact that the order specifically provided for the date, place, and time of the examination, Plaintiff failed to appear. Because Plaintiff's physical condition is key to the controversy in this case, Defendant has been prejudiced and has incurred a cost of $500.00. Additionally, the Court finds Defendant will be unable provide its expert witness disclosures by the deadline of June 3, 2011. However, the Court believes an extension of the discovery deadline is not required at this time.

---

[1]Defendant asserts that it will be unable to file its expert witness disclosure on June 3, 2011 and it will be difficult for parties to complete depositions before the August 12, 2011 discovery deadline. (Doc. 35, p. 2).

**III.  CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendant's Unopposed Motion for Physical Examination, Motion to Pay Costs of Missed Physical Examination, and Motion for Extension of Time (Doc. 35) is **GRANTED in part**.

2. Plaintiff, Sandra Hart, shall submit to a physical examination by Dr. John Von Thron, M.D., at 1577 Roberts Drive #225, Jacksonville Beach, Florida on **Wednesday, June 22, 2011 at 3:30 p.m.**, or at a date and time mutually agreed to by the parties.

3. Plaintiff shall reimbursement Defendant the fee imposed by her failure to attend her examination no later than **Wednesday, June 22, 2011**, or a date mutually agreed to by the parties.

4. Defendant's Disclosure of Expert Reports are due no later than **Wednesday, June 29, 2011.** All other deadlines shall remain in effect.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  2nd  day of June, 2011.

*Monte C. Richardson*
    MONTE C. RICHARDSON
    UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party